NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| MICHAEL TAWES, | Civil Action No.: 17-6549 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of the Commissioner of Social Security's motion to remand Plaintiff Michael Tawes' appeal of the Commissioner's final decision denying him social security benefits. (ECF No. 18). Plaintiff has opposed the Commissioner's motion, and instead urges the Court to reverse the decision of the Commissioner. (ECF No. 19). For the reasons set forth below, the Court reverses the decision of the Commissioner.

## I.   BACKGROUND[1]

Plaintiff suffered a traumatic brain injury in 2005. He applied for and received social security benefits after the accident until about 2010 or 2011, when he inherited between $70,000 and $80,000 after his sister passed away. (R. at 46). According to Plaintiff, he reported this inheritance to the Social Security Administration, which cut off his benefits due to the influx of cash. (R. at 46). That money is now gone, and Plaintiff has reapplied for social security benefits.

---

[1] "R." refers to the Administrative Record, which uses continuous pagination and can be found at ECF No. 9 through 9-8.

On August 6, 2013, Plaintiff filed an application for supplemental social security income ("SSI") based on his continuing disabilities resulting from the 2005 accident. (R. at 148). The claims were denied at the initial level on November 19, 2013, and again at the reconsideration level on March 3, 2014. (R. at 85, 92). Plaintiff then filed a request for a hearing before an administrative law judge ("ALJ"). (R. at 95). On November 24, 2015, Plaintiff testified at a hearing before ALJ Dina R. Loewy. (R. at 36). ALJ Loewy denied Plaintiff's claim at step five, finding that Plaintiff could perform jobs that exist in significant numbers in the national economy. (R. at 30–31). Plaintiff sought review of ALJ Loewy's decision from the Appeals Council. (R. at 144). The Appeals Council denied Plaintiff's request for review on July 25, 2017. (R. at 1).

Plaintiff then filed an appeal of the Commissioner's final decision on August 30, 2017. (ECF No. 1). After the parties filed their statements of contention pursuant to Local Civil Rule 9.1, and after Plaintiff filed his moving brief, the Commissioner moved to remand this case to the Commissioner for further analysis. (ECF No. 18). In her motion to remand, the Commissioner informs the Court that the Appeals Council had agreed to accept a voluntary remand of the case "to further evaluate Plaintiff's RFC and specifically to address the issue of his post-accident hand dominancy." (ECF No. 18-1 at 4). Plaintiff declines to accept the Commissioner's voluntary remand, and instead argues that there is adequate evidence in the record for this Court to reverse the Commissioner's decision with a direction to award SSI rather than remand this action for further proceedings. (ECF No. 19).

## II. STANDARD OF REVIEW

This Court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). To determine whether an ALJ's decision is supported by substantial evidence, this Court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). However, this Court may not "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992). Consequently, this Court may not set an ALJ's decision aside, "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

"Despite the deference due to administrative decisions in disability benefit cases, 'appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981)). Reversal—rather than remand—is appropriate when "the administrative record of the case has been fully developed and when substantial evidence in the record as a whole indicates that the claimant is disabled and entitled to benefits." *Id.* at 320 (quoting *Podedworny v. Harris*, 745 F.2d 210, 222 (3d Cir. 1984)).

### III.   ANALYSIS

Under the Social Security Act, the Social Security Administration is authorized to pay Social Security Insurance to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity when his physical or mental impairments are "of such severity that he is not only unable to do his previous work but

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

As the parties agree that the ALJ erred at in her RFC determination and at step five, the Court need not explain the full five-step sequential analysis that the ALJ must perform when making a finding as to a claimant's disability. Rather, in this case, the dispute is whether reversal or remand is appropriate, so the Court's task is to determine whether there is substantial evidence in the record indicating that Plaintiff is disabled.

The ALJ determined that Plaintiff's RFC was limited to "frequent feeling with the left upper extremity, and occasional handling and fingering with the left upper extremity," and that pursuant to that RFC, Plaintiff must avoid "all exposure to hazardous machinery . . . or operational control of moving machinery." (R. at 25). Then at step five, after being asked by the vocational expert for clarification, the ALJ informed the vocational expert that Plaintiff has "frequent use of his dominant hand and occasional use of non-dominant hand." (R. at 53). Thus, based on the understanding that Plaintiff had use of his dominant hand, the vocational expert determined that there were several jobs available to Plaintiff that required frequent use of one's dominant hand and only occasional use of one's non-dominant hand. (R. at 53). These jobs included: final assembler, laminator I, and dowel inspector. (R. at 53–54).

The Commissioner does not dispute that Plaintiff has met his burden at steps one, two, and four, thus shifting the burden of proof that Plaintiff is not disabled to the Commissioner at step five. *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). This Court finds that the Commissioner has not carried her burden here. First, the record establishes that Plaintiff was left hand dominant prior to his injury. For example, he testified that he was "left handed [his] whole life," but that he had to start using his right hand more after the accident, because his left hand tremors too much to

use it. (R. at 40). Dr. Alexander Hoffman, who examined Plaintiff on behalf of Hudson County, also determined that Plaintiff was normally "left hand dominant, but . . . has had some problems with that hand since he had the accident." (R. at 268). Thus, the ALJ incorrectly determined that Plaintiff had "frequent use of his dominant hand and occasional use of non-dominant hand," (R. at 53), when in fact, the opposite is true.

Additionally, the Commissioner's RFC determination relegated Plaintiff to unskilled sedentary work. (R. at 25). Plaintiff correctly points out that the Commissioner's own policy statements indicate that the ALJ's determination regarding Plaintiff's ability to perform jobs available in the national economy does not match up with the Commissioner's own understanding of those jobs. For example, SSR 96-9P states that "[m]ost unskilled sedentary jobs require good use of both hands and the fingers. . . . Any *significant* manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base." 1996 WL 374185, at *8 (1996). The Commissioner has also concluded that individuals who have lost the use of an upper extremity "would generally not be expected to perform sedentary work because most unskilled sedentary jobs require good use of both hands," SSR 83-12, 1983–1991 Soc. Sec. Rep. Serv. 36, at 4 (1983), and that "[a]s a general rule, limitations of fine manual dexterity have greater adjudicative significance—in terms of relative numbers of jobs in which the function is required—as the person's exertional RFC decreases, [and thus the] loss of fine manual dexterity narrows the sedentary and light ranges of work much more than it does the medium, heavy, and very heavy ranges of work," SSR 85-15, 1983–1991 Soc. Sec. Rep. Serv. 343, at 7 (1985). Even if the ALJ's determination that Plaintiff had only lost full use of his non-dominant hand were correct, her analysis of the jobs available to Plaintiff was in conflict with the Commissioner's own guidelines. The ALJ's failure to abide by

the agency's own guidelines is made worse by the fact that Plaintiff has limited use of his dominant hand.

The disconnect between the ALJ's finding that there is other work available to Plaintiff and the Commissioner's own guidelines is further evidenced by the jobs that the ALJ recommended. A Final Assembler 713.687-018, for example, "[a]ttaches nose pads and temple pieces to optical frames, using handtools: Positions parts in fixture to align screw holes [and, i]nserts and tightens screws, using screwdriver." DOT 713.687-018, 1991 WL 679271. It does not require a great logical leap to conclude that someone with a partially disabling tremor in his dominant hand would not be able to perform this job adequately. Additionally, the ALJ recommended Laminator as another job; however, this job requires Plaintiff to "press[] button to start conveyor and heating elements[, t]urn[] knob to adjust distance between presser rollers[, p]lace[] aligned parts on conveyor leading to machine that laminates parts[, and remove] parts from machine and tie[] parts into bundles for further processing." DOT 690.685-258, 1991 WL 678561. Such a job description conflicts directly with the ALJ's RFC determination that Plaintiff "must avoid . . . operational control of moving machinery." (R. at 25).

As such, this Court finds that there is substantial evidence in the record to reverse the ALJ's determination with an award of benefits. Plaintiff was previously found to be disabled by the Social Security Administration and had received benefits until he became financially disqualified. Plaintiff has been seeking to reinstate these benefits for five and a half years now. The Court is hesitant to further delay the resolution of this matter. The record is fully developed, unlikely to change, and contains substantial evidence indicating that Plaintiff is disabled. Such circumstances support reversal with an award of benefits. *Morales*, 225 F.3d at 320.

## IV. CONCLUSION

For the reasons stated above, the Court reverses the decision of the ALJ and remands this case to the Commissioner to award Plaintiff the SSI benefits he is due. An appropriate Order accompanies this Opinion.

DATED: February 14th, 2019

JOSE L. LINARES
Chief Judge, United States District Court